**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

ROBERT EARL KIRKLAND, JR., a/k/a
June,
         *Defendant-Appellant.*

No. 01-4936

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CR-01-149)

Submitted: April 25, 2002

Decided: May 6, 2002

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Robert Earl Kirkland, Jr., pled guilty to distributing more than five grams of crack cocaine, 21 U.S.C.A. § 841(a)(1) (West 1999). The district court imposed a sentence of eighty-seven months imprisonment. Kirkland appeals this sentence, arguing that the district court clearly erred in finding that he had not accepted responsibility, *U.S. Sentencing Guidelines Manual* § 3E1.1 (2001), and that he did not have a minor role in the offense. USSG § 3B1.1. We affirm.

In a controlled purchase of 22.7 grams of crack by a confidential informant, Kirkland acted as the middleman. He made arrangements with a drug dealer for the sale of an ounce of crack and relayed the price to the informant. He drove to the dealer's house with the informant, went inside with half the money and brought out a sample of the crack. When the informant approved it, Kirkland took in the balance of the payment and returned with the rest of the crack. A defendant has a minor role if his conduct is not only less culpable than the conduct of others involved, but is not "material or essential" to commission of the offense. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999). Kirkland argues that the informant could have obtained the crack directly from the dealer, but the facts before the district court were that Kirkland, given the opportunity, chose to facilitate the sale and was paid for his help. We cannot say that the district court clearly erred in finding that Kirkland had more than a minor role. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (stating standard).

Nor do we find clear error in the district court's denial of an adjustment for acceptance of responsibility. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (stating standard). After being freed on bond before his guilty plea, Kirkland violated the conditions of his release by testing positive for cocaine use several times. The district court

found even more significant the fact that Kirkland substituted someone else's urine for his own at one drug screening and told the drug treatment program personnel that his positive drug tests might have resulted from his handling of cocaine because he was continuing to sell it. Kirkland later denied that he had continued selling drugs. However, we believe the district court did not clearly err in finding that Kirkland had failed to meet his burden of showing that he was entitled to the adjustment. *United States v. Harris*, 882 F.2d 902, 907 (4th Cir. 1989).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*